UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **THOMAS BROWN** | **CASE NO. 6:20-CV-01308** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **GEICO CASUALTY CO** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (Rec. Doc. 6). Defendant, Geico Casualty Company, opposed the Motion (Rec. Doc. 9), and Plaintiff replied (Rec. Doc. 10). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiff's Motion be denied.

## Factual Background

Plaintiff filed suit against Geico, his uninsured motorist insurer, in state court on September 1, 2020 alleging injuries resulting from an automobile accident. (Rec. Doc. 1-4). Plaintiff did not allege an amount of damages claimed. Geico was served on September 11, 2020 and removed the suit on October 7, 2020 based upon diversity jurisdiction. In its notice of removal, Geico asserted that the requisite diversity exists between Plaintiff and Geico, and that the amount in controversy

exceeds $75,000, based upon "medical records received to date and claims for statutory bad faith penalties." (Rec. Doc. 1, ¶2.8).

Plaintiff filed the instant Motion to Remand based upon the uncertainty of the value of his claims, arguing that Geico "is merely speculating and assigning value to Plaintiff's personal injuries." (Rec. Doc. 6-1). In opposing the Motion to Remand, Geico attached various medical records indicating that Plaintiff has undergone a knee replacement surgery in addition to other medical treatment. (Rec. Doc. 9-1).

## Law and Analysis

The federal district courts have original jurisdiction over cases involving a federal question, pursuant to 28 U.S.C. §1331, and those in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. 28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court.

Upon the filing of a motion to remand, the removing party bears the burden to prove that federal jurisdiction exists. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Thus, Defendants, as the party seeking to invoke federal diversity jurisdiction under §1332, bear the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir. 2003).

I. **<u>Diversity of Citizenship.</u>**

Plaintiff alleged he is a citizen of Louisiana. (Rec. Doc. 1-4). Geico submits that it is incorporated in Maryland with its principal place of business in Maryland. (Rec. Doc. 1, ¶2.4). However, Plaintiff argued in reply that he and Geico are deemed citizens of the same state, based upon 28 U.S.C. §1332(c)(1). That section provides in pertinent part:

> a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
>
> > (A) every State and foreign state of which the insured is a citizen[.]

Plaintiff contends that his case is a "direct action" against Geico, such that §1332(c)(1) applies to align Plaintiff's and Geico's citizenships. However, §1332(c)(1) does not apply to a plaintiff's suit against his uninsured motorist insurer, because that section applies only to direct actions against liability insurers. UM policies are not considered liability policies for these purposes. See detailed discussion in *Gonzalez v. Gov't Employees Ins. Grp.,* No. CIV. A. 99-3707, 2000 WL 235236, at *3 (E.D. La. Feb. 28, 2000), citing cases. Further, as the court in *Gonzalez* reasoned, a plaintiff's suit against his UM insurer is not a "direct action" as contemplated by Louisiana's direct action statute. *Id.* at p. 4, citing cases. See also

3

*Bower v. Wurth*, No. 6:20-CV-00579, 2020 WL 5224518, at *6 (W.D. La. July 31, 2020), *report and recommendation adopted,* No. 20-CV-579, 2020 WL 5227491 (W.D. La. Sept. 1, 2020), citing cases. Thus, §1332(c)(1) does not defeat diversity jurisdiction in this case.

    II.    **Amount in Controversy.**

With regard to the amount in controversy, the Petition does not affirmatively allege an amount in controversy or set forth facts indicating an amount in controversy in excess of $75,000. Nevertheless, Geico removed this case within thirty days of service of the initial pleading based upon medical records in its possession at that time. Geico submitted February 11, 2020 correspondence from Plaintiff's counsel regarding the claim indicating that Dr. Drew had performed a knee replacement surgery. Geico also submitted a July 19, 2019 lumbar MRI report revealing multiple herniations, with retrolisthesis, foraminal stenosis, and annular fissures. (Rec. Doc. 9-1). The Court finds that Geico has met its burden to show an amount in controversy in excess of $75,000. General damages for cases in which the plaintiff has undergone a knee replacement surgery can be as much as $65,000. See e.g. *Mack v. Wiley*, 07-2344 (La.App. 1 Cir. 5/2/08); 991 So.2d 479. General damages for cases in which the plaintiff has sustained or aggravated similar spine injuries as those alleged by Plaintiff can range from $50,000 to $100,000. See e.g. *Sawyer v. Christiana*, 07-503 (La.App. 5 Cir. 11/27/07); 73 So.3d 72; *Pannell v.*

*Encompass Ins. Co.,* 06-1601 (La.App. 3 Cir. 5/2/07); 956 So.2d 152; *Babin v. State Farm Mutual Auto. Ins. Co.,* 12,447 (La.App. 5 Cir. 3/13/13); 113 So.3d 251. The possibility that general damages, together with medical expenses, statutory penalties (which could amount to twice the amount of damages sustained because of the insurer's bad faith conduct under La. R.S. 22:1973; and 50% of the amount of the claim pursuant to La. R.S. 22:1892), and other claimed damages will exceed $75,000 renders jurisdiction proper, even if a defined amount cannot yet be determined. Thus, Plaintiff's Motion to Remand should be denied.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Remand (Rec. Doc. 6) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 30th day of November, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE