UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| THOMAS BROWN | CIVIL ACTION NO. 6:20-cv-01308 |
| VERSUS | JUDGE SUMMERHAYS |
| GEICO CASUALTY COMPANY | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

The plaintiff's second motion to remand is currently pending. (Rec. Doc. 24). The motion is opposed.[1] The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be granted.

## Background

This case began in state court. The plaintiff, Thomas Brown, asserted a claim against his automobile liability insurance carrier, Geico Casualty Company, for uninsured/uninsured motorist ("UM") coverage. Geico removed the case, alleging

---

[1] In a telephone call to chambers on January 3, 2022, the defendant's attorney James J. Young, IV, authorized this Court to consider the defendant's memorandum regarding the amount in controversy (Rec. Doc. 21) as their opposition to the plaintiff's second motion to remand.

that the court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.

In his petition, Mr. Brown alleged that his claim arose out of a motor vehicle accident. But Mr. Brown did not sue the alleged tortfeasor; he sued only his own UM insurer, Geico. The petition did not identify Geico's insurance policy, did not state the policy's limits, and did not allege that Mr. Brown recovered under the alleged tortfeasor's liability insurance policy. The petition alleged, however, that Mr. Brown sought to recover under Geico's UM policy and to recover statutory penalties, attorneys' fees, and costs under La. R.S. 22:1973 and 22:1892.

Mr. Brown alleged in his petition that he is domiciled in Louisiana. Accordingly, he alleged that he is a Louisiana citizen. In the removal notice, Geico stated that it is an insurance company incorporated in Maryland having its principal place of business in Maryland. Accordingly, Geico established that it is a Maryland citizen. This Court therefore found that the parties are diverse in citizenship[2] and subsequently reiterated that finding.[3]

In support of its contention that the amount in controversy exceeds the jurisdictional threshold, Geico argued in its removal notice that general damages of more than $75,000 were awarded in other cases with similar injuries. Geico did not

---

[2] Rec. Doc. 11 at 3-4.

[3] Rec. Doc. 20 at 2.

2

identify its UM policy, state how much coverage its policy provides, or address how the UM policy limit might affect the amount in controversy.

Mr. Brown responded to the removal notice with a motion to remand.[4] He argued that it was not facially apparent that his claim exceeded $75,000 and that Geico had not met its burden of showing that the amount in controversy was greater than $75,000. In response, Geico again argued that the nature of the plaintiff's injuries supported a conclusion that the amount-in-controversy requirement was satisfied based on damages awarded in other cases presenting similar injuries. In its report and recommendation,[5] this Court concluded that because the plaintiff's injuries would, in accordance with the jurisprudence, support a damages award greater than $75,000, the amount-in-controversy requirement was satisfied. In reaching this conclusion, the court noted that the plaintiff underwent a knee replacement, which would support a substantial general damages award, and sought to recover statutory penalties that could add to the award. Still, neither of the parties identified Geico's insurance policy or established its policy limits. Lacking that

---

[4] Rec. Doc. 6.

[5] Rec. Doc. 11.

3

critical information, this Court recommended that the motion to remand should be denied.[6] The district court adopted the recommendation.[7]

During a settlement conference held on December 1, 2021, this Court learned for the first time that Geico's UM policy had a limit of only $20,000. In light of that new information, this Court again analyzed subject-matter jurisdiction and ordered Geico to file a memorandum setting forth specific facts establishing that the amount in controversy exceeds the jurisdictional minimum.[8] Geico complied with that order.[9] The plaintiff responded to the briefing order by filing his second motion to remand, which is now before this Court.

## Law and Analysis

Federal district courts are courts of limited jurisdiction[10] having original subject-matter jurisdiction over cases involving a federal question, pursuant to 28 U.S.C. § 1331, and those in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332. "Any

---

[6] Rec. Doc. 11.

[7] Rec. Doc. 12.

[8] Rec. Doc. 20.

[9] Rec. Doc. 21.

[10] See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)).

ambiguities are construed against removal and in favor of remand to state court."[11] Remand of an action is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[12] Furthermore, federal courts have a continuing duty to evaluate their subject-matter jurisdiction through all phases of the litigation.[13]

The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[14] In this case, Geico must bear that burden. To satisfy the burden, Geico must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[15] The amount in controversy was not apparent on the face of the plaintiff's petition. Therefore, Geico must establish the amount in controversy by a preponderance of the evidence.

When a plaintiff seeks to recover under an insurance policy, the amount in controversy is the lesser of the value of the claim under the policy or the value of the

---

[11] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d at 397; *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d at 723; *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

[12] 28 U.S.C. § 1447(c).

[13] *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004); *Warren v. United States*, 874 F.2d 280, 282 (5th Cir. 1989); *Smith v. Booth*, 823 F.2d 94, 96 (5th Cir. 1987).

[14] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[15] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d at 1253.

policy limit plus any penalties or attorneys' fees that might be recoverable under state law.[16] While an insured can recover under a UM policy only after establishing that he recovered under the tortfeasor's insurance policy, the amount paid by the tortfeasor is not included in the amount-in-controversy calculus.[17]

Under Section 1973, an insured may recover damages if he establishes that the insurer breached its duty of good faith and fair dealing and the insured sustained damages *as a result of the breach*.[18] Under that same statute, the insured may also recover a penalty in "an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater."[19] The plaintiff "must show proof of

---

[16] See, e.g., *Nunnery v. 21st Century Centennial Ins. Co.*, No. 18-447-SDD-EWD, 2018 WL 6615092, at *4 (M.D. La. Nov. 16, 2018), report and recommendation adopted, 2018 WL 6615023 (M.D. La. Dec. 17, 2018); *Broussard v. GEICO Casualty Co.*, No. 18-11418, 2019 WL 181343, at *1 (E.D. La. Jan. 11, 2019); *Hinkle v. USAA General Indemnity Company*, No. 17-156-JWD-EWD, 2017 WL 4411052, at *4 (M.D. La. Sept. 11, 2017), report and recommendation adopted, 2017 WL 4401631 (M.D. La. Sept. 29, 2017); *Haydel v. State Farm Mut. Aut. Ins. Co.*, No. CIVA 07-939-C, 2008 WL 2781472, at *4 (M.D. La. July 10, 2008).

[17] *Savoia v. American Family Mutual Insurance Co.*, No. 18-663-BAJ-EWD, 2018 WL 6731279, at *3, n. 37 (M.D. La. Oct. 23, 2018), report and recommendation adopted, 2018 WL 6729796 (W.D. La. Dec. 21, 2018); *Thomas v. Hartford Accident & Indemnity Co.*, No. 17-cv-1474, 2018 WL 1548897, at *2 (W.D. La. Mar. 14, 2018), report and recommendation adopted, 2018 WL 1541991 (W.D. La. Mar. 29, 2018); *Henderson v. Allstate Fire & Cas. Ins. Co.*, 154 F.Supp.3d 428, 432 (E.D. La. 2015); *Wheeler v. Farmers Ins. Exchange*, No. 13-CV-0951, 2014 WL 280356 (W.D. La. Jan. 22, 2014).

[18] La. R.S. 22:1973(A) (emphasis added).

[19] La. R.S. 22:1973.

actual damages arising from the breach to recover any more than $5,000,"[20] but may recover a $5,000 penalty absent such evidence.[21]

A failure to comply with the deadlines in La. R.S. 22:1892 "shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater" as well as "reasonable attorney fees and costs."[22]

A plaintiff cannot recover penalties under both La. R.S. 22:1973 and La. R.S. 22:1892; instead, he can recover only under the more favorable statute.[23] But, if Section 1973 is more favorable, a plaintiff may still recover attorneys' fees under Section 1892.[24]

---

[20] *Henderson v. Allstate Fire and Casualty Insurance Company*, 154 F.Supp.3d at 433 (citing *Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co*., 67 F.3d 70, 76 (5th Cir.1995)).

[21] *Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co*., 67 F.3d at 76 (citing *Midland Risk Ins. Co. v. State Farm Mut. Auto Ins. Co*., 93-1611 (La. App. 3 Cir. 09/21/94), 643 So.2d 242, 244 (affirming a $5,000 penalty award in the absence of proof of damages)).

[22] La. R.S. 22:1892(B)(1)(a).

[23] *Thomas v. Hartford Accident & Indemnity Co*., 2018 WL 1548897, at *4 (citing *Calogero v. Safeway Ins. Co. of Louisiana*, 753 So.2d 170, 174 (La. 2000); McKenzie and Johnson, 15 La. Civ. L. Treatise, Insurance Law & Practice § 11:14 (4th Ed.) ("when the insurer has breached both penalty statutes, the insured cannot recover the statutory penalty under both statutes, but only under the statute more favorable to the insured.")).

[24] McKenzie and Johnson, 15 La. Civ. L. Treatise, Insurance Law & Practice § 11:14 (4th Ed.) ("when the insurer has breached both penalty statutes, the insured cannot recover the statutory penalty under both statutes, but only under the statute more favorable to the insured. However, if the more favorable penalty is available under La. R.S. 22:1973, then the insured may also recover attorney fees under La. R.S. 22:1892.").

With these legal principles in mind, Geico has not established that the amount in controversy exceeds $75,000. Geico's UM policy provided only $20,000 per person in coverage.[25] Consequently, the most that can be awarded in compensatory damages should the plaintiff prevail in this lawsuit is $20,000. In cases involving a UM policy with a higher limit, it is easy to extrapolate an amount in controversy exceeding the statutory threshold. In a case such as this one, however, with a low UM policy limit, the removing defendant must meet a more exacting standard.

The plaintiff's petition contains no facts supporting his contention that he should be permitted to recover penalties under Section 1973 or Section 1892. More important, Geico presented no evidence substantiating the plaintiff's claims for statutory penalties. Geico presented no evidence to show that the plaintiff would be entitled to recover more than $5,000 under Section 1973 since no evidence has been presented establishing that the plaintiff incurred damages due to a breach of Geico's duty of good faith and fair dealing. Assuming that the plaintiff could prove entitlement to recovery under Section 1892, that recovery would be limited to a maximum of $10,000 or half of the amount due under the policy (assuming that the plaintiff would be entitled to recover the entire $20,000 UM policy limit). If the plaintiff could prevail under Section 1973 or Section 1892, then he could also

---

[25] Rec. Doc. 21 a 1.

recover attorneys' fees. In order to satisfy the amount-in-controversy requirement, Geico would have to show that the plaintiff would be entitled to recover an amount of attorneys' fees that when added to the potential award of compensatory damages and the potential award of penalties would exceed $75,000. No such showing was made. Geico provided no estimate of the amount of attorneys' fees already incurred, no estimate of the amount of attorneys' fees that might be incurred in the future, and no method for quantifying attorneys' fees. In support of the motion to remand, the plaintiff stated that "[u]nder no circumstances is it possible, much less likely, that Plaintiff would be able to collect from defendants an amount at or above $75,000."[26] This Court agrees. Accordingly, this Court finds that Geico failed to satisfy its burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.

## Conclusion

Because Geico failed to establish that the amount in controversy in this lawsuit exceeds $75,000, the court lacks subject-matter jurisdiction and

IT IS RECOMMENDED that the plaintiff's motion to remand (Rec. Doc. 24) should be granted.

---

[26] Rec. Doc. 24-1 at 4.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[27]

Signed at Lafayette, Louisiana, this 3rd day of January 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[27] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).